In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Christopher L. O'BYRNE, Attorney at Law.

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Christopher L. O'BYRNE, Respondent.

Supreme Court

*No. 01–0765–D. Filed November 21, 2001.*

2001 WI 121

(Also reported in 635 N.W.2d 598.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Christopher L.

O'Byrne's license to practice law in Wisconsin be suspended for 60 days for professional misconduct in the handling of an estate. The referee also recommended that Attorney O'Byrne be required to pay the costs of the proceeding.

¶ 2. We determine that the seriousness of Attorney O'Byrne's professional misconduct warrants a suspension of his license to practice law for 60 days.

¶ 3. Attorney O'Byrne was admitted to practice law in Wisconsin in 1986 and practices in Port Washington. In 1994 Attorney O'Byrne consented to a public reprimand for misconduct consisting of engaging in conduct involving dishonesty and misrepresentation, failing to disclose facts necessary to correct a misapprehension, failing to fairly and fully disclose all facts and circumstances pertaining to an investigation, and failing to respond to a client's reasonable requests for information.

¶ 4. The complaint filed by the Office of Lawyer Regulation (OLR) alleged misconduct with respect to Attorney O'Byrne's handling of an estate.[1] The decedent died on November 22, 1995. An application for informal administration was filed on February 15, 1996. The decedent's son was appointed personal representative on March 18, 1996. Attorney O'Byrne was retained

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation ("OLR") and the supreme court rules applicable to the lawyer regulation system were also revised. Even though most of the conduct giving rise to the complaint occurred prior to October 1, 2000, the investigative body will be referred to as the "OLR." The references to supreme court rules will be to those currently in effect unless specifically noted.

as attorney for the estate. The decedent's son died on April 17, 1996, and a successor personal representative was appointed on May 10, 1996.

¶ 5. The estate inventory was filed on November 18, 1996. The estate became delinquent in August of 1997. On September 24, 1997, an order to show cause why the estate was not closed was issued by the circuit court. A series of orders to show cause were issued through January of 2001. On March 13, 2001, over five years after the estate was opened, it still had not been closed. The circuit court issued an order of removal discharging Attorney O'Byrne as attorney for the estate.

¶ 6. Attorney O'Byrne did not file an answer to the OLR's complaint. In February 2001 the OLR filed a motion requesting issuance of an order to show cause why Attorney O'Byrne's license should not be suspended for his willful failure to cooperate or respond to two other grievances. An order to show cause was issued. Attorney O'Byrne failed to respond to the order to show cause. On April 3, 2001, this court issued an order temporarily suspending Attorney O'Byrne's license to practice law for failing to respond or cooperate with the other OLR investigations. That suspension remains in force.

¶ 7. On May 17, 2001, the OLR's motion for default judgment was heard. Attorney O'Byrne's counsel stipulated that a default judgment could be entered. The referee, John A. Fiorenza, issued a report concluding that Attorney O'Byrne failed to act with reasonable diligence and promptness in representing the estate, thereby violating SCR 20:1.3.[2] The referee also found

---

[2] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

that Attorney O'Byrne failed to cooperate with the OLR in the investigation of the grievance, thereby violating former SCR 21.03(4)[3] and former SCR 22.07(2) and (3).[4]

¶ 8. We adopt the referee's findings of fact and conclusions of law. Attorney O'Byrne's misconduct with respect to his handling of the estate and his failure to cooperate with the OLR's investigation are serious failings warranting a suspension of his license. A 60–day suspension of his license to practice law is appropriate discipline for his professional misconduct.

¶ 9. IT IS ORDERED that the license of Christopher L. O'Byrne to practice law in Wisconsin is suspended for a period of 60 days, effective December 26, 2001.

---

[3] Former SCR 21.03(4) provided that "[e]very attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

[4] Former SCR 22.07(2) and (3) provided:

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

¶ 10.  IT IS FURTHER ORDERED that Christopher L. O'Byrne comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 11.  IT IS FURTHER ORDERED that within 60 days of the date of this order Christopher L. O'Byrne pay to the OLR the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Christopher L. O'Byrne to practice law in Wisconsin shall remain suspended until further order of the court.